[Crim. No. 3652. First Dist., Div. Two. Jan. 18, 1960.]

THE PEOPLE, Respondent, v. ROBERT McSHANN, Appellant.

Vaughns, Dixon & White for Appellant.

Stanley Mosk, Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DRAPER, J.—Following reversal of a judgment of conviction (*People* v. *McShann*, 50 Cal.2d 802 [330 P.2d 33]), defendant was again tried. A jury found him guilty of one count of sale of heroin and one count of possession of heroin. He appeals from the ensuing judgment.

An informer had a telephone conversation with defendant to arrange for the purchase which was the basis of count 1, and on the next day again telephoned defendant, after which police officers followed defendant as he left his home in an automobile, stopped him and found heroin in his possession. Each telephone call was made by the informant from a police station, in the presence of police officers, and each was recorded and admitted in evidence. The first judgment was reversed because of the prosecution's refusal to disclose the identity of the informant.

When the present trial opened, defendant's attorney indicated that he desired to make a motion relating to the informer, and filed an affidavit. The court stated that upon the choosing of the jury the trial would be continued for one week, and, with the consent of counsel, deferred argument on the motion. The jury was chosen and the trial was ordered continued for one week. After the jury had left, a police sergeant testified, giving the name, description, aliases, and last known address of the informer. The sergeant testified that the last information he had received about the informer came about one year earlier, when the police of Omaha, Nebraska, advised that they had taken him into custody because he had been found "prowling a hospital." The police had not seen or heard of him since then.

This information fully disclosed the identity of the informant. But defendant's affidavit also asked that he be furnished with "the present available whereabouts of the informant" and "that the court afford . . . defendant . . . the opportunity to interview (and) examine" him. Counsel's argument made clear that he desired an order requiring the prosecution to find the informer and make him available for interview by the defense. This motion was denied.

Immediately before opening of the trial one week later, defendant filed an affidavit requesting a continuance of 45 days, coupled with the request that the district attorney be ordered "to locate" the informant for interview by defendant. This affidavit alleged that "seven days have proven insufficient time within which to locate and interview" the

informant. It contained no allegations as to what, if anything, had been done to find him. It averred that 45 days "will prove sufficient" to locate the informant "if this . . . court will make appropriate orders" requiring the district attorney and police chief to assist in the search. This motion was denied. It was renewed at the close of the prosecution's case, and again at the close of defendant's case, and denied on each occasion.

 On this appeal, defendant asserts error in the refusal of the trial court to order the prosecution to produce the informant for interview. Defendant concedes that there is no suggestion of any withholding of information nor of any action by law enforcement officers to procure the departure of the informant.

 Neither prosecution nor defense is required to produce all witnesses who may have some knowledge of the facts. (*People* v. *Price,* 172 Cal.App.2d 776, 780 [342 P.2d 437]; *People* v. *McCrasky,* 149 Cal.App.2d 630, 635 [309 P.2d 115].) Nor is the prosecution required to call an informer as a part of its case. (*People* v. *Taylor,* 159 Cal. App.2d 752, 756 [324 P.2d 715].) Two decisions (*People* v. *Alexander,* 168 Cal.App.2d 753 [336 P.2d 565]; *People* v. *Bailey,* 91 Cal.App.2d 578, 580 [205 P.2d 418]) seem squarely to negative appellant's contention. He argues, however, that the rule requiring disclosure of the identity of an informer necessarily implies that the prosecution must find the informer on a defendant's request.

This argument has no sound basis. It is apparent from the informer cases (*People* v. *McShann, supra,* 50 Cal. 2d 802; *Priestly* v. *Superior Court,* 50 Cal.2d 812 [330 P.2d 39]; *Mitchell* v. *Superior Court,* 50 Cal.2d 827 [330 P.2d 48]) that the evil at which the rule is aimed is the suppression by the prosecution of information known to it and which fairness requires be revealed. Disclosure, rather than discovery, is the burden placed upon the prosecution. The distinction is implicit in a recent decision (*People* v. *Prewitt,* 52 Cal.2d 330 [341 P.2d 1]). There an informer gave information by telephone, refusing to state his name. The officer recognized the voice as that of one who had previously given information which proved to be accurate. The court said (at p. 336) "If the officer does not know the name of the informer he does not suppress evidence by not stating it." An order setting aside the indictment for failure to identify the informant was reversed. No duty to discover

the name was imposed. We are unable to distinguish the case at bar, where the whereabouts of the informer, rather than his identity, is unknown. The suggestion that this view may permit circumvention of the rule requiring disclosure is met in *Prewitt* by the statement (p. 338) that "It cannot be presumed . . . that officers will commit perjury (citation), and it must be presumed that trial courts will be alert to detect perjury if it does occur."

 Here the prosecution made available to the defendant all its information as to the informer, and defendant was afforded full opportunity to cross-examine upon this issue. No more is required, in the absence of a showing that the prosecution connived to procure the absence of the informer.

 Appellant seems to suggest that by playing the record of the telephone conversations the prosecution made the informer a testimonial witness, thus, in the absence of the right of cross-examination, rendering his portion of the conversation hearsay. This view is based on a misconception of the purpose and effect of the recording. It was not offered to establish the truth of anything said by the informer, but to show what he said and the reactions of defendant to the statements. (See *People* v. *Henry*, 86 Cal.App.2d 785, 789 [195 P.2d 478]; 5 Wigmore on Evidence [3d ed.] 2; Code Civ. Proc., § 1870, subd. 3.) The testimony of the officers who made the recording was evidence of its accuracy. Their testimony identifying defendant's voice was some evidence that he was one of the participants in that conversation. The playing of the record before the jury was further evidence, since it gave the jurors an opportunity to compare the tone, enunciation and diction of the party claimed to be defendant with the speech of defendant when he testified before them. Thus there was some evidence that defendant was the party to whom the calls were made, and the conversation could be fully shown. (*People* v. *Goodman*, 159 Cal.App.2d 54, 62 [323 P.2d 536]; *People* v. *Herman*, 49 Cal.App. 592, 595-596 [193 P. 868]; see also 3 Wigmore on Evidence [3d ed.] § 699.) The recording is not within the proscription of the hearsay rule, nor did its playing make the informer a testimonial witness.

 Appellant also urges error in denial of his several requests for continuance to permit him to locate the informer. But the requests were inadequately supported. To require the court to exercise its discretion to grant a continuance there must be a showing that diligence has been exercised to procure the attendance of the absent witness and that his

attendance can be secured within a reasonable time. (*People* v. *Carroll,* 160 Cal.App.2d 6, 9 [324 P.2d 713]; see also *People* v. *Williams,* 168 Cal.App.2d 624, 626-627 [336 P.2d 245].) ▮ Defendant's insistence from the outset that the informer could be found only by law enforcement officers negatived both diligence in searching for him and the possibility of procuring his attendance if the requested continuance was granted. Thus refusal of the continuance was well within the court's discretion, and was not erroneous.

▮ Finally, defendant contends that the recording of the informer's two telephone conversations with defendant was illegally obtained, and that it was therefore error to admit it in evidence. ▮ Defendant concedes that there is no violation of law in the recording of a telephone conversation "when one of the participants to the conversation consents to or directs its overhearing or preservation." (*People* v. *Malotte,* 46 Cal.2d 59, 64 [292 P.2d 517].) He argues, however, that there is no showing that the informer consented to the recording. But here a police officer testified that the informer "was apprised" of the fact that the phone calls would be recorded. ▮ Further, defendant overlooks the rule that the voluntary consent of one party to the overhearing of the conversation may be established by reasonable inferences. (*People* v. *Bates,* 163 Cal.App.2d 847, 853-854 [330 P.2d 102].) ▮ Here the informer, although not under arrest, went to the police station, gave officers defendant's number, sat while an officer dialed it, and then carried on the conversations while an officer who was visible through an open door recorded them. The inference of full consent by the informer is plain.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.