[Crim. No. 1848.   Fourth Dist.   July 29, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LE ROY CHAVEZ, Defendant and Appellant.

Don R. Work, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant was convicted, after a jury trial, of selling heroin in violation of Health and Safety Code, section 11501. Defendant admitted a prior felony conviction of unlawful possession of a narcotic by one having a previous narcotic conviction. He appealed from his conviction and asked this court to appoint an attorney to represent him on his appeal.

Don R. Work, who was appointed by this court to represent the defendant on this appeal, has filed a complete and able report indicating that he has reviewed the record herein and stating that there is no merit in the appeal and that no valid grounds for reversing the conviction exist. (See *People* v. *Dodd,* 113 Cal.App.2d 682 [248 P.2d 965] ; *People* v. *Sutton,* 115 Cal.App.2d 751 [252 P.2d 633] and *People* v. *Hickok,* 120 Cal.App.2d 832 [262 P.2d 30].)

We have examined the record and agree that no reversible error appears. The evidence indicates that on June 1, 1961, Officer Fuentes, a narcotic agent working for the State of California in an undercover capacity, went in an automobile to the place where defendant was working in El Centro, California. Also present in the car were Joe Gonzales who was jointly charged with defendant in the count here involved, and Steve Silva. Fuentes had previously purchased nar-

cotics from Gonzales. Upon stopping outside the place where defendant worked, Gonzales left the car and walked about 15 feet toward defendant who was standing on the left side of the car. Fuentes testified that he observed this from his seat on the driver's side of the automobile. He saw defendant hand a white paper object to Gonzales and Gonzales walked directly to Fuentes and handed him the white paper bindle. Fuentes gave Gonzales $30. Defendant then approached the agent's car and said to Silva "How about a break, Loco?" The agent said that he responded to the question and refused defendant's request. The agent testified that the phrase, "How about a break" is used in connection with the sale of narcotics and in criminal parlance means "How about something in return for a person's trouble in helping in a transaction?" The contents of the bindle were subsequently found to contain heroin. The testimony of Agent Fuentes was corroborated in part by that of Agent Halcon who observed defendant's presence and the fact that defendant appeared to engage in a conversation with Gonzales near the automobile.

Gonzales testified that he and defendant were at the creamery at the time in question and that Fuentes and Silva were also there, but he denied that anything improper occurred. Defendant took the stand in his own defense and admitted the prior conviction for narcotics possession. He said that about four months before he had met Silva and that Silva had induced him to begin using narcotics again. He also said that Silva was furnishing him with narcotics. Defendant denied giving narcotics to Gonzales and said that he merely approached Silva and asked Silva for a "fix" meaning a quantity of narcotics. Defendant said that at that time he was addicted to the use of narcotics.

It is apparent that the evidence is sufficient to sustain the verdict. ▮ The elements of the offense charged are sale or furnishing a narcotic knowing that the substance so handled is a narcotic. ▮ The testimony of Officer Fuentes clearly shows that defendant participated in the sale of narcotics by supplying the narcotic substance to Gonzales who immediately completed the transaction. Defendant's knowledge of the narcotic nature of the substance involved can be inferred from his admission that he was a user of the same substance, heroin, at the time of his arrest. The conflict between the testimony of Fuentes on one hand and that of the defendant

and Gonzales on the other was for the jury to resolve, and the evidence amply supports its verdict.

In a communication to the court, defendant indicates his dissatisfaction with the work of the attorneys who represented him at his trial. Accordingly, we have examined the record to find if there is any merit in this contention. The record indicates that defendant was well represented by two attorneys at the trial and their conduct of the defense shows that they have skill in the field of criminal law.

Defendant's strategy was to contend that Silva was working in conjunction with the narcotics officers and that he induced or entrapped defendant into resuming his use of heroin. Defendant then testified that his only activity at the scene of the offense charged was the unsuccessful attempt to obtain narcotics from Silva. The jury did not believe the defendant's testimony but this does not indicate that his attorneys were incompetent. Defendant claims that his attorneys did not call Silva as a witness but explains their failure to do so by admitting that the attorneys said that Silva would not corroborate defendant's testimony. The attorneys cannot be said to be at fault because they did not call a witness who would disagree with defendant's version of the facts. In the case of *People* v. *Robillard,* 55 Cal.2d 88, 97 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086] the Supreme Court said:

"The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a farce or a sham."

Here defendant's attorneys were present throughout the trial of the case and they energetically contested and conducted his defense. The cross-examination of the prosecution's witnesses showed considerable skill, and at several points they objected to the admission of evidence against the defendant. In several instances the court upheld these objections and gave protective instructions to the jury limiting evidence received to the case against Gonzales. It appears from the record that the defense of the case was competent.

The defendant has the burden of showing that his constitutional right to adequate representation by competent counsel has been violated. (*People* v. *Crooker,* 47 Cal.2d 348 [303 P.2d 753].) Here he has failed to sustain this burden.

It also appears that at no time during the trial did

defendant object to the quality of representation by his attorneys nor did he ask that Silva be called as a witness. His failure to object at the time of trial is fatal to his contention on this appeal.

An examination of the record indicates that there was sufficient evidence to sustain the verdict and that there was no error in the conduct of the trial. Therefore, there are no grounds for reversing the conviction.

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.