[Crim. No. 3461. Third Dist. Nov. 13, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. CHARLES ALLEN ANDREWS, Defendant and Respondent.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond Momboisse, Deputy Attorney General, for Plaintiff and Appellant.

S. Carter McMorris, under appointment by the District Court of Appeal, for Defendant and Respondent.

PIERCE, P. J.—The trial court granted defendant's motion to dismiss an information charging him with three counts of arson (violation of Pen. Code, § 447a). The grounds: that the evidence introduced at the preliminary hearing was insufficient to justify his being held to answer in that the corpus delicti had not been established; that therefore defendant had been committed without reasonable or probable cause (Pen. Code, § 995). The People have appealed under Penal Code section 1238.

Evidence at the preliminary hearing covered three separate fires (1) a rooming house and hotel at 699 El Camino Avenue, North Sacramento, December 24, 1962; (2) a garage at 591 Redwood Avenue in North Sacramento, December 28, 1962; (3) a residence at 545 Eleanor Avenue, North Sacramento, January 7, 1963. Defendant voluntarily confessed to all three fires. He told a detective of the North Sacramento Police Department he had climbed the stairs of the rooming house, and had started the fire by igniting a match and throwing a cigarette into a tin wastepaper basket, waiting while the flames spread up the wall. He had indicated on a diagram of the building the spot where the fire had been started. As to the garage fire, cotton lace stored there had been ignited with a lighted cigarette. He stated he had started the fire on the porch of the Eleanor Avenue home by throwing a lighted cigarette onto a couch.

(Defendant also confessed, and pleaded guilty, to starting a fourth fire at approximately 1:30 a.m. on January 7, 1963, by throwing a lighted firecracker into an automobile.)

■ The evidence of defendant's confession, of course, was insufficient to hold him without proof of the corpus delicti which on a charge of arson involves proof, other than the confession, that a fire occurred and that it was of incendiary origin. (*People* v. *Clagg*, 197 Cal.App.2d 209, 212 [17 Cal.Rptr. 60].)

■ To establish the corpus delicti here the prosecution produced the following proof:

The rooming house fire was discovered by its owner at approximately 3:55 a.m. on a second-floor back porch. It was

the owner's custom to make a security inspection tour of the building a number of times each night and on this night he had checked the porch between 2:30 and 3 a.m. finding nothing unusual.

Upon discovery of the fire, the fire department was notified and the fire was extinguished. Inspection of the scene by the chief of the fire department revealed the east end of the porch as the point of origin of the fire. There had been no flammable liquid in the area; the wiring was encased in a conduit and had not burned; the only gas appliance, a heater, was some distance from the fire's point of origin and had no bearing on the fire. The weather was cold with low-wind velocity; humidity was comparatively high; it was foggy and misty. There was no possibility of spontaneous combustion. The fire chief's testimony was corroborated by the city's chief building inspector.

Regarding the Redwood Avenue fire, a home owner discovered a fire in his detached garage at 12:30-1 a.m. It originated, according to the fire chief, at the back of the building. No gasoline, kerosene, or other similar conbustible substance was stored in the garage. Firewood, papers, magazines and clothing were stored there, but again spontaneous ignition was negated by cold, damp and foggy weather. There was no wiring and the evidence established that the fire had not been caused by defective appliances.

The same negative testimony was given with reference to the fire on the front porch at Eleanor Avenue which the owner discovered in the vicinity of the sofa and two rugs he had temporarily stored on the porch. In this instance, also, weather conditions were cold, damp and foggy. There were no gas lines or electric wiring at or near the point of origin.

█ Evidence sufficient to establish that a fire is of incendiary origin may be circumstantial. Were the rule otherwise it would, as a practical matter, in the absence of a plea of guilty, be necessary to strike arson from the list of prosecutable crimes. Incendiarism is rarely carried on in the presence of eyewitnesses.

The rule generally that the corpus delicti of a crime may be established solely by circumstantial evidence is well settled. (*People* v. *Amaya*, 40 Cal.2d 70, 75 [251 P.2d 324]; *People* v. *Westfall*, 198 Cal.App.2d 598 [18 Cal.Rptr. 356].) It has been applied in arson cases. (*People* v. *Cape*, 79 Cal. App.2d 284, 289 [179 P.2d 426].)

█ Approach to the decision as to whether the facts in any given case establish the corpus delicti and thus provide

an adequate foundation upon which to rest admission of confessions may well begin with a reconsideration of the purpose of the corpus delicti rule.

Its birth and evolution are traced by Dean Wigmore (7 Wigmore on Evidence (3d ed.) §§ 2070, 2071, p. 393 et seq.) Adoption of the existing rule in the United States is said by this author (on p. 396) to have been "chiefly moved, in all probability, by Professor Greenleaf's suggestion [in Greenleaf on Evidence, § 217] that 'this opinion [i.e. exclusion of confessions or admissions sans proof of the corpus delicti] certainly best accords with the humanity of the criminal code and with the great degree of caution applied in receiving and weighing the evidence of confessions in other cases.' "

Justice Spence in *People* v. *Amaya, supra,* 40 Cal.2d 70, at page 76, gives as the reason for the rule of exclusion of a defendant's extrajudicial declarations without corpus delicti proof "so that he may be protected against the possibility of fabricated testimony which might wrongfully establish the crime and the perpetrator."

In determining the point where adequate proof of the corpus delicti is reached, further definitive rules assist. It is established when the two elements mentioned, namely, the fire and its incendiary origin, are shown. Proof of a third element—the accused's identity—is not required. The proof need not have that convincing force which establishes guilt; a prima facie showing suffices. (*People* v. *Amaya, supra,* 40 Cal.2d 70, 75-76; Wigmore *op. cit.* pp. 402, 406; *People* v. *Westfall, supra,* 198 Cal.App.2d 598, 601-602.) In the case last cited Justice Stone states (on p. 601): 'Many California cases hold that the corpus delicti 'may be proved ... by inferences drawn from facts shown.' [Citations.] "

 Testing the facts shown here by these rules we hold that the corpus delicti of the crime of arson had been sufficiently established and therefore the order of the learned trial judge must be reversed.

In all of the four fires the usual causes of accidental fires—defective wiring, electrical or gas appliances, spontaneous combustion or careless (but not purposeful) ignition of flammable materials by others—all had been either absolutely ruled out or negated within the realm of reasonable probability. But more convincing were circumstances snapping the long arm of coincidence. Four fires within the same neighborhood, close in point of date (all fires occurred within less than two weeks), closer in point of time of day (middle of

the night), all started by an apparently similar method, cumulate to give to this circumstantial proof much more than prima facie veracity.

We have authority for our assertion that the cumulative factor is an important one. In *People* v. *Sherman*, 97 Cal. App.2d 245, 249 [217 P.2d 715] (hearing by our Supreme Court denied) and *People* v. *Hays*, 101 Cal.App.2d 305, 311 [225 P.2d 600], this factor was given consideration, although in those cases the separate fires were set on the same premises.

In Witkin, California Evidence, section 113, subdivision (3), page 136, it is stated: "Circumstances which, taken singly, seem to afford no logical inference as to the issue, may when considered with other circumstances give rise to such an inference."

In Curtis, The Law of Arson, section 430, page 452, it is stated: " ... [E]vidence of another fire is received to show that the fire in question was of an incendiary origin; that is, that it was not of accidental or providential nature. The prosecution has the burden of showing that the fire was of criminal origin, the presumption being to the contrary. The coincidence of a series of fires tends to rebut the possibility that the one in question was the result of an accident."

*People* v. *Bispham*, 26 Cal.App.2d 216 [79 P.2d 166], decided by this court, holding that the facts did not justify a conclusion that the fire had been of incendiary origin (without defendant's admissions) is relied upon by defendant. It is distinguishable. But one fire was involved; very little evidence negating a fire by accidental cause was introduced. The prosecution relied principally upon over-insurance plus the defendant's admissions. ■ Also the appeal was from an order granting a new trial where every intendment favored an appellate finding that the trial court had not abused its discretion. We are not similarly restricted here. In fact, contrary considerations apply. We review the same evidence the trial court reviewed and both its obligation and ours is to do so obedient to the rule that we may not substitute our judgment as to the *weight* of the evidence for that of the magistrate conducting the preliminary examination. Our inquiry ends when substantial evidence supports the magistrate's decision with every legitimate inference which can be drawn therefrom being accepted to uphold it. (*People* v. *Jackson*, 146 Cal.App.2d 553, 556-557 [303 P.2d 767].)

The order setting aside the information is reversed.

Schottky, J., and Friedman, J., concurred.