[Civ. No. 8017.   Fourth Dist.   July 26, 1965.]

ROGER GLENN IIAMS, Petitioner v. THE SUPERIOR
COURT OF ORANGE COUNTY, Respondent; THE
PEOPLE, Real Party in Interest.

John W. Downer for Petitioner.

Kenneth Williams, District Attorney, and Robert E. Law, Deputy District Attorney, for Respondent and Real Party in Interest.

COUGHLIN, J.—By a four-count information petitioner was charged with the offenses of child beating, mayhem, assault with intent to commit mayhem and assault with intent to commit murder; moved to set aside the information upon the ground that he had been committed without reasonable or probable cause; obtained a dismissal of the assault with intent to commit murder count; was denied relief as to the other three counts; and by this proceeding in prohibition seeks a review of the order denying his motion as to these three counts.

The determinative issue here is whether the evidence adduced at the preliminary hearing, absent testimony relating extrajudicial statements by the petitioner, supports a prima facie showing of the corpus delicti of the offenses with which petitioner was charged so as to authorize consideration of the extrajudicial statements made by him in determining whether probable cause for his commitment exists.

It is fundamental that the corpus delicti of an offense must be proved by evidence independent of the extrajudicial statements of a defendant as a prerequisite to the consideration of such statements in determining his guilt. (*People* v. *Amaya*, 40 Cal.2d 70, 75 [251 P.2d 324]; *People* v. *Villalobos*, 208 Cal.App.2d 321, 325 [25 Cal.Rptr. 111]; *People* v. *Misquez*, 152 Cal.App.2d 471, 477 [313 P.2d 206]; *People* v. *Rupp*, 41 Cal.2d 371, 377 [260 P.2d 1]; *People* v. *Cullen*, 37 Cal.2d 614, 624 [234 P.2d 1]; see also *People* v. *Holbrook*, 45 Cal.2d 228, 234 [288 P.2d 1]; *People* v. *Frey*, 165 Cal. 140, 147 [131 P. 127].) Correlatively, a defendant cannot be held to answer unless the corpus delicti of the offense with which he is charged is established independently of his extrajudicial statements. (*People* v. *Simonsen*, 107 Cal. 345, 346 [40 P. 440]; *Hall* v. *Superior Court*, 120 Cal.App.2d 844, 847 [262 P.2d 351]; *In re Schuber*, 68 Cal.App.2d 424, 425 [156

P.2d 944].) ▉ To establish the corpus delicti, prima facie proof is sufficient for such purpose; circumstantial evidence will suffice; and it is not necessary at this point to connect the defendant with the perpetration of the offense. (*People* v. *Mehaffey*, 32 Cal.2d 535, 544-545 [197 P.2d 12].)

▉ Petitioner was charged with child beating, *viz*, a violation of section 273a of the Penal Code in that he did "wilfully, unlawfully and feloniously cause and permit Roger Glenn Iiams, Jr., a child five (5) weeks of age, to suffer and did inflict on said Roger Glenn Iiams, Jr., unjustifiable physical pain and mental suffering''; with the offense of mayhem, *viz,* a violation of section 203 of the Penal Code, in that he "did willfully, unlawfully, feloniously and maliciously disable and disfigure an ear of Roger Glenn Iiams, Jr.''; and with the offense of assault with intent to commit mayhem, *viz,* a violation of section 220 of the Penal Code, in that he "did willfully, unlawfully and feloniously assault'' said child "with intent to commit mayhem.''

The only witness testifying at the preliminary hearing in this matter was a doctor on duty at a hospital when the child was brought there by petitioner. Much of the testimony by the doctor relates, or obviously is based upon, statements made by petitioner. To determine whether the testimony of the doctor establishes prima facie the corpus delicti of the offenses with which petitioner is charged, in conformity with the rule heretofore stated, only that part thereof relating the doctor's observations and his opinions based thereon may be considered. The evidence derivative from that part of the testimony will be stated accordingly.

On January 3, 1965, a man whom the doctor identified as petitioner, brought an infant child to a hospital for treatment. The child was in respiratory insufficiency; had a blood count a little over one-half of normal; had sustained a large bruise on the left cheek; and had a left ear that was almost totally torn off.

▉ The corpus delicti consists of two elements, namely, "1. the facts forming its basis, and 2. the criminal agency causing them to exist.'' (*People* v. *Frey, supra,* 165 Cal. 140, 146.) In the instant case, to establish the corpus delicti it was necessary to have shown not only that the child sustained the injuries which the doctor observed, but also that those injuries were caused by a criminal agency. Proof of the latter element, i.e., a criminal agency, required evidence from which it might have been concluded that the injuries resulted from

the intentional act of a human being. ■ The offenses charged against petitioner are not directed toward an accidental or negligently caused condition. (Gen. see *People* v. *Devine,* 95 Cal. 227, 229-231 [30 P. 378]; *People* v. *Landry,* 106 Cal.App.2d 8, 14 [234 P.2d 736]; *People* v. *Becker,* 94 Cal.App.2d 434, 442 [210 P.2d 871]; *People* v. *Womble,* 67 Cal.App.2d 885, 889 [155 P.2d 838].)

■ At this juncture it is appropriate to note that, absent the statements made by petitioner, the evidence does not show any relationship between the child and petitioner; where, when or under what circumstances petitioner obtained the child that he brought to the hospital, the name, age or parents of the child; nor where or under what circumstances the injuries may have been sustained.

On the other hand, information obtained from petitioner by the doctor was the basis for the latter's testimony concerning many of the foregoing facts. Among other things, petitioner stated he was the father of the child and, as testified by the doctor, "that he had been playing with the baby and tossed it up in the air, and on one of these pitches he had missed the baby and caught it by the ear." This testimony was the basis for the following inquiry:

"Q. . . . the witness has testified that the ear of the child was torn, that was the left ear, was it not? A. Yes.

"Q. And that the father had stated to you, the father being the defendant, that he tore that ear as he was playing with the child, is that correct? A. Yes.

"Q. Now, would you not conclude from *that* that the child's ear was torn by a human being; it was not caused by something other than a human being? (Italics ours.) A. Yes, I would conclude that it was caused by a human being." This opinion was based upon the information given the doctor by the father. Theretofore the doctor had testified he was not qualified to "distinguish accidental from non-accidental injuries in themselves", nor to determine whether or not the injuries he observed on the child were intentionally inflicted.

The very limited scope of the evidence presented by the prosecution, excluding that based upon statements by petitioner, establishes only that a man brought an infant child to a hospital for treatment for the injuries heretofore described. There are no circumstances from which it may be concluded that these injuries were caused by a human being, or resulted

from other than an accidental or negligent act. In this regard, the instant case is distinguishable from two cases cited by the district attorney, i.e., *People* v. *Villalobos, supra,* 208 Cal.App.2d 321, 323-325, and *People* v. *Misquez, supra,* 152 Cal.App.2d 471, 477-478, wherein there were circumstances reasonably supporting an inference that the injuries sustained were not accidental, and in one of which the offense was based upon a negligent act. On the other hand, in *Hall* v. *Superior Court, supra,* 120 Cal.App.2d 844, 847-848, 850, in a prosecution for murder, a showing that the victim died from a ruptured liver which, in the opinion of the autopsy surgeon "was received as a result of some blow of some sort," was held insufficient to establish the corpus delicti in that it did not prove the condition of the decedent's liver was due to an "unlawful or criminal act"; in *In re Schuber, supra,* 68 Cal.App.2d 424, 425, which concerned the offense described in section 288 of the Penal Code, testimony of a doctor who had examined the victim of the alleged offense that "there was a slight tear at the posterior part of the genital" was held not sufficient to establish the corpus delicti; and in each of these cases it was held that the accused had been committed without probable cause although his extrajudicial statements established the offense with which he had been charged.

Absent the extrajudicial statements by petitioner, we conclude that the evidence at the preliminary hearing did not establish some rational ground for assuming the possibility that the offenses charged in the subject information had occurred. As a consequence, petitioner was committed without reasonable or probable cause. (*Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250]; *People* v. *Crosby,* 58 Cal.2d 713, 719 [25 Cal.Rptr. 847, 375 P.2d 839].)

In view of the foregoing conclusion, we need not consider the issue raised by petitioner at the preliminary hearing when he sought dismissal of the mayhem charge because it was not shown that the child's ear then was disabled or disfigured, and his offer to prove there was no disability and no disfigurement was rejected by the magistrate.

Let a writ of prohibition issue as prayed for.

Brown (Gerald), P. J., and Whelan, J., concurred.