[Crim. No. 10982.   Second Dist., Div. Four.   Dec. 22, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JACK PERCY ALMOND, JR., Defendant and Appellant.

Leonard H. McBride for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Charles R. Kocher, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Plaintiff was charged, by information, with a violation of section 11530 of the Health and Safety Code (possession of marijuana), with two prior felony convictions. He pled not guilty, trial by jury was duly waived and the matter was submitted on the transcript of the preliminary examination. He was found guilty as charged, the priors were stricken on motion of the People, probation was denied and a state prison sentence was imposed. He has appealed.

Two deputy sheriffs were advised, by a citizen,[1] that a man was asleep in a parked car. At about 7:30 p.m., on July 4, 1964—it still being light—the officers arrived at the scene. The car was legally parked, and defendant was sleeping on

---

[1] Identified by name and address, but not otherwise shown to be ''reliable'' as that term is used in connection with the issue of reasonable cause.

the front seat, leaning against the right front door, the window of which was open. One officer touched him and spoke to him. Defendant awoke. In the officer's words, ''When I woke him up he looked at me and moved to the other side of the car very fast, to the driver's side; then back to my side, and then back to the driver's side again, and began reaching under the seat.''

Defendant was ordered out of the car and a cursory search for weapons was made. His face was flushed and he staggered and stumbled as he tried to get out, although the officer detected no odor of alcohol on his breath. The officer asked if he could look under the front seat, to which the defendant replied: ''Sure, go ahead.'' A search under the front seat disclosed ''. . . three packages joined together with a rubber band, a yellow Whitman's Sampler candy box, a package of Zig Zag cigarette papers and a plastic bag containing seeds resembling marijuana.'' Defendant was then placed under restraint in the sheriff's car; a search of the back seat of defendant's car disclosed a package containing pills. While defendant was being booked at the station, a search of his person disclosed a cigarette in his shirt pocket. Thereafter, in conversations with the officers, defendant admitted that the cigarette was his and that it was marijuana.

I

The sole point urged on us by defense counsel on this appeal is that the evidence against defendant was the product of an unlawful search. We do not agree. Under the circumstances, the officers clearly were entitled to awaken defendant and question him and, as an incident to that questioning, to ask him to get out of the car and submit to a weapon search. Although defendant was, at that time, in at least temporary custody, the question of whether or not his consent to the search of the car was or was not voluntary was a question of fact to be decided in the first instance by the trial court. With no testimony by the defendant, we cannot say that, as a matter of law, the trial court was in error in making its finding that the consent was effective.

The preliminary search of the car, thus, was valid. It is true that that search did not furnish a strong case for arrest. There is no showing that the officers had any training in, or knowledge of, narcotics to substantiate the belief that the seeds were marijuana, and the record shows no contention that, at any time prior to the search of the car, they suspected defendant of a narcotic involvement. In addition,

although the cigarette, ultimately found, was shown to have been marijuana, the record is barren of any evidence or stipulation as to the actual nature of the seeds. However, the officer testified expressly, as above set forth, that he thought the seeds "resembled marijuana." He was not cross-examined as to his expertise or otherwise with reference to this opinion. Again, we cannot say that the trial court could not accept this unchallenged opinion testimony. The argument now made to us, based on language in *People* v. *Cole* (1952) 113 Cal.App.2d 253 [248 P.2d 141], is no more than an attempt to have us substitute our view of the evidence for that of the trial court—something which is beyond our authority to do.

Since we hold that the trial court validly found the arrest to be lawful, the further search of the car and the search of defendant at the time of booking were, of course, incidents of a legal arrest and the evidence thus discovered was admissible.

II

With commendable fairness, the Attorney General points out two other matters, not raised by defense counsel, which bear on the propriety of an affirmance. After consideration, we conclude that no reversible error was committed in either instance.

(1) As we have indicated above, statements made by defendant to the officers, at the station and after the marijuana cigarette had been discovered in his pocket, were introduced in evidence against him. They amounted to a confession. However, although the case was tried in November 1964, long after the date (June 22, 1964) of the opinion in *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and over two months after the first opinion in *People* v. *Dorado* (1964 Cal.) 40 Cal.Rptr. 264, 394 P.2d 952, no objection to the evidence on the ground of those cases was made, nor was there any attempt to explore either the presence or absence of the constitutionally required warning or the circumstances surrounding the making of the statements. We have recently considered the rules applicable in cases such as this, tried after the cited cases had been widely discussed by the profession (*People* v. *Davis* (1965) (Cal. App.) 47 Cal.Rptr. 332). For the reasons set out at length

in that case, we conclude: (a) that the failure to raise the point in the trial court should be attributed to a tactical decision by trial counsel,[2] and (b) that failure seasonably to raise the point at that stage bars reliance thereon in this court.

■ (2) After noting for the record the stipulation (made at a previous time) to submit the case on the transcript of the preliminary examination, the trial court held an off-the-record discussion, in chambers, with both counsel. On return to the courtroom, the court said: ''The Court has now been fully informed of the contents of the reporter's transcript of the preliminary examination.'' The People then rested; defense counsel made an objection to the physical evidence on the ground of unlawful search and seizure; the objection was overruled; the defense rested; and the finding of guilt followed.

However, unlike the situation in *People* v. *Montoya* (1965) 235 Cal.App.2d 789 [45 Cal.Rptr. 572], and in *People* v. *Krough* (1965) 232 Cal.App.2d 150 [42 Cal.Rptr. 614], where the record on appeal affirmatively showed that the trial court had not read the transcript but, instead, had relied on counsel's summary thereof, here the record is silent on that matter. Since we do not presume error, we must assume that the court had been ''fully informed'' by the proper means—a reading of the transcript, and that the off-the-record conference had been for the purpose of discussions based on that reading.[3]

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[2]Since the discovery of the cigarette in defendant's shirt pocket would itself have supported the finding of guilt, exclusion of the purely cumulative confession would not have helped defendant, whereas exclusion of the physical evidence would have carried with it the confession which was a fruit of the discovery. A decision not to waste time on a point which, in this case, was inconsequential seems reasonable.

[3]As the Attorney General points out, the trial court, in denying the objection made by defense counsel summarized the record in terms which indicate a detailed knowledge of the testimony.