[Crim. No. 5828.   First Dist., Div. One.   Sept. 7, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RAUL GARCIA LOPEZ, Defendant and Appellant.

Clifford Sweet, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Lawrence R. Mansir, Deputy Attorneys General, Richard J. Pease, District Attorney, and Leroy J. Barker, Chief Assistant District Attorney, for Plaintiff and Respondent.

MOLINARI, P. J.—On his appeal from a judgment of conviction, following a jury trial, of selling marijuana in violation of Health and Safety Code section 11531,[1] defendant contends that (1) the prosecution failed to prove the corpus delicti of the crime with which defendant was charged; (2) defendant was denied the right to confront the informer; and (3) statements obtained from defendant in violation of his right to counsel were erroneously admitted into evidence.

## The Record

At approximately 8:40 p.m. on August 24, 1965 Agents Armenta and Ojeda of the California Bureau of Narcotic Enforcement and Detective Fagundes of the Watsonville Police Department met with Ronny Lopez, an informer working for the bureau. After the meeting the four drove to the rear of the Royal Hotel in Watsonville. Upon arriving at the hotel Lopez entered the hotel and about five minutes later he came out of the rear entrance of the hotel with defendant. A brief conversation then ensued between Lopez and defendant, following which defendant walked away from the hotel. Lopez and Armenta then went into the hotel and entered Room 2. Shortly thereafter, defendant joined Armenta and Lopez in Room 2. Lopez then introduced defendant to Armenta, whereupon defendant stated, "Come with me if you want to see the

---

[1] Unless otherwise indicated, all statutory references are to the Health and Safety Code.

weed.'' When Armenta started to go to the door, defendant said, ''I don't want you to go; I want him to come with me alone.'' Accordingly, Lopez left the hotel room with defendant while Armenta remained in the room. Shortly thereafter Lopez returned to the room alone and handed Armenta a cigarette package containing five cigarettes, each of which, by subsequent tests, proved to contain marijuana. Armenta and Lopez then left the room. While leaving the hotel Armenta saw defendant in the vicinity of the hotel desk using a telephone. Armenta then approached defendant and asked him ''if the marijuana was any good.'' Defendant replied that it was and that if it was not he would return it. Armenta then asked defendant why there were only five cigarettes, to which defendant replied that when there were more he would contact Lopez. Upon the conclusion of this conversation Armenta left the hotel.

## Corpus Delicti

Defendant asserts that the corpus delicti of the crime of selling marijuana was not established. His argument in support of this contention, however, appears to be that the evidence was insufficient to sustain the conviction. In any event, we are satisfied that the corpus delicti of the crime charged was established and that the evidence was sufficient to sustain the conviction for that crime.

In the instant case defendant was charged with a violation of section 11531 ''in that . . . [he] did willfully, unlawfully and feloniously sell Marijuana.'' In section 11008 the term ''sale'' is defined as including ''barter, exchange or gift, . . . and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee.'' Moreover, knowledge by the defendant of the narcotic nature of the substance sold by him is an essential element of the crime of selling narcotics and the prosecution must establish such knowledge even if the defendant has not denied such knowledge. (*People* v. *Basler*, 217 Cal.App.2d 389, 398 [31 Cal.Rptr. 884]; *People* v. *Horn*, 187 Cal.App.2d 68, 74-75 [9 Cal.Rptr. 578]; *People* v. *Winston*, 46 Cal.2d 151, 161 [293 P.2d 40].) Accordingly, in the light of these principles, the elements of the offense charged in the instant case are the sale, exchange, barter, or gift of marijuana with knowledge that the substance so handled is a narcotic. (*People* v. *Chavez*, 218 Cal.App.2d 721, 723 [32 Cal.Rptr. 450].)

It is well established that ''In every prosecution for crime, it is necessary to establish the *corpus delicti,* i.e., the

*body* or *elements of the crime.''* (1 Witkin, Cal. Crimes (1963) § 88, p. 84; *People* v. *Francisco,* 228 Cal.App.2d 355, 358 [39 Cal.Rptr. 503]; *People* v. *Smith,* 223 Cal.App.2d 225, 237 [35 Cal.Rptr. 719].) The corpus delicti consists of two elements, namely, (1) the facts forming the basis of the appeal. i.e., the facts establishing the injury, loss or harm; and (2) the criminal agency causing them to exist. (*People* v. *Frey,* 165 Cal. 140, 146 [131 P. 127]; *Iiams* v. *Superior Court,* 236 Cal.App.2d 80, 82 [45 Cal.Rptr. 627]; 1 Witkin, Cal. Crimes, *supra.*) ▮ The establishment of the corpus delicti does not, however, require proof that the crime was committed by the defendant or by the person charged with having committed it, nor does it require proof as to the identity of the perpetrator of the crime. Rather, it is established when the prosecution proves that the crime was committed by someone. (*People* v. *Leary,* 28 Cal.2d 740, 745 [172 P.2d 41]; *People* v. *Cullen,* 37 Cal.2d 614, 624 [234 P.2d 1]; *People* v. *Cobb,* 45 Cal.2d 158, 161 [287 P.2d 752]; *People* v. *Whitsett,* 160 Cal. App.2d 652, 657 [325 P.2d 529]; *People* v. *White,* 186 Cal. App.2d 853, 857 [9 Cal.Rptr. 99]; *People* v. *Leonard,* 207 Cal.App.2d 409, 412 [24 Cal.Rptr. 597].) However, while the defendant's connection with the crime is a separate consideration (*People* v. *Duncan,* 51 Cal.2d 523, 528 [334 P.2d 858]; *People* v. *Leonard, supra*), proof of the corpus delicti may incidentally point to the defendant. (*People* v. *Leonard, supra.*)

▮ To establish the corpus delicti it is not essential to show beyond a reasonable doubt that the crime was committed, but only a slight or prima facie showing is sufficient. (*People* v. *Wade,* 71 Cal.App.2d 646, 654 [163 P.2d 59]; *People* v. *Leonard, supra,* 207 Cal.App.2d 409; *People* v. *Westfall,* 198 Cal.App.2d 598, 602 [18 Cal.Rptr. 356]; *People* v. *Suciu,* 218 Cal.App.2d 888, 892 [32 Cal.Rptr. 645]; *People* v. *Coke,* 230 Cal.App.2d 22, 28 [40 Cal.Rptr. 649]; *People* v. *Mehaffey,* 32 Cal.2d 535, 545 [197 P.2d 12]; *People* v. *Amaya,* 40 Cal.2d 70, 76 [251 P.2d 324]; *People* v. *Duncan, supra,* 51 Cal.2d 523.) In making such showing circumstantial evidence will suffice (*People* v. *Amaya, supra,* p. 75; *People* v. *Andrews,* 222 Cal.App.2d 242, 244 [35 Cal.Rptr. 118]; *Iiams* v. *Superior Court, supra,* 236 Cal.App.2d 80, at p. 82), and the corpus delicti may be proved by inferences drawn from the facts shown. (*People* v. *Westfall, supra,* at p. 601; *People* v. *Andrews, supra,* at p. 245.) ▮ It is fundamental, moreover, that the corpus delicti must be proved by evidence inde-

pendent of the extrajudicial declarations and statements of the defendant. (*People* v. *Amaya, supra,* at p. 75; *People* v. *Mehaffey, supra,* at p. 544; *People* v. *Corrales,* 34 Cal.2d 426, 429 [210 P.2d 843].) However, once a prima facie corpus delicti is established independently of such extrajudicial declarations or statements of the defendant, such statements become admissible and are given their full evidentiary effect, that is, they may be considered by the jury in its determination of whether or not all the elements of the crime and the accused's connection therewith have been established beyond a reasonable doubt. (*People* v. *McMonigle,* 29 Cal.2d 730, 738 [177 P.2d 745]; *People* v. *Selby,* 198 Cal. 426, 437 [245 P. 426]; *People* v. *Wiezel,* 39 Cal.App.2d 657, 664 [104 P.2d 70].)

In the light of the foregoing authorities all that was needed to establish the corpus delicti of selling narcotics as charged in the instant case was a prima facie showing, independent of defendant's extrajudicial declarations and statements, that *someone* sold, bartered, exchanged or gave away marijuana knowing that it was a narcotic. ▇ In the case before us the prima facie proof of the corpus delicti was established when it was shown by Armenta's testimony that he had used the informer, Lopez, in several cases resulting in arrests for possession and sale of marijuana; that Lopez had access to people possessing marijuana for sale; that on the evening in question Armenta drove Lopez to the Royal Hotel; that after Lopez entered the hotel he came out of the rear entrance with defendant, at which time they engaged in a brief conversation; that defendant then departed; that thereupon Armenta and Lopez went to a room in the hotel; that shortly thereafter defendant joined Armenta and Lopez; that after a conversaton Lopez and defendant left the room, and shortly thereafter Lopez returned to the room and handed Armenta a package containing five marijuana cigarettes. These circumstances, taken together, show a reasonable probability that an act of another was the direct cause of Lopez's possession of the marijuana cigarettes and warrant the drawing of the inference that someone, with knowledge of the narcotic character of the marijuana cigarettes, either sold them or gave them to Lopez. While these circumstances do not warrant the inference that the person who sold or gave the cigarettes to Lopez knew of their narcotic character, it cannot be disputed that the inference can be drawn that the person who initially rolled the subject marijuana in the form of the cigarettes in

question knew of their narcotic character. Accordingly, when such person sold or gave away these cigarettes to another person a crime was committed. This is sufficient to establish the corpus delicti, notwithstanding that other persons who may have been involved in a chain of transfers leading to Lopez's possession of the cigarettes may not have had knowledge of their narcotic character.

We now consider defendant's participation in the crime. A corpus delicti having been established, defendant's declarations and statements may be considered together with the other evidence in the case in determining whether the elements of the crime charged in the instant case and defendant's connection therewith were established beyond a reasonable doubt. The circumstances hereinabove narrated as establishing the corpus delicti, when taken together with defendant's statements and declarations, make it apparent that the evidence is sufficient to sustain the verdict. Defendant's statement in the room, "Come with me if you want to see the weed," and his statements made shortly thereafter to Armenta in the hotel lobby that the marijuana was good, that if it was not he would return it, and that when more marijuana cigarettes were available he would contact Lopez are clearly evidence of his connection with the marijuana which Lopez turned over to Armenta and are susceptible of the inference that defendant either sold or gave the cigarettes to Lopez. These statements, moreover, are clearly susceptible of the inference that defendant had knowledge of the narcotic character of the cigarettes. His reponse in the hotel lobby to Armenta's question as to whether the marijuana was good is indicative of such knowledge, the inference of such knowledge being strengthened by defendant's use of the word "weed." It is not only a matter of common knowledge that the word "weed" means marijuana, but Agent Armenta so testified as to its meaning.

### The Prosecution's Failure to Produce Lopez

In urging that defendant was deprived of his right to confront his accuser due to the prosecution's failure to produce Lopez as a witness at the trial, defendant appears to be making a two-pronged argument. Firstly, he makes reference to his right to confront and cross-examine Lopez because the evidence produced by the prosecution consisted in part of statements made by Lopez. However, this contention is patently without merit since no statements of Lopez were admitted

into evidence during the trial. Secondly, defendant argues that the prosecution had a duty to produce Lopez, who was a material witness, so as to enable defendant to raise the defense of entrapment.

Although there is no question that Lopez would have been a material witness in the instant case (see *People* v. *Castedy*, 194 Cal.App.2d 763, 768 [15 Cal.Rptr. 413], and cases cited therein), the law is well established that the prosecution was under no duty to produce him as a witness. The cases which have considered this question have unanimously held that in the absence of a showing that the prosecution connived to procure the absence of the informant, no more is required of the prosecution than to reveal the identity of the informant. (*People* v. *Alexander*, 168 Cal.App.2d 753 [336 P.2d 565]; *People* v. *McShann*, 177 Cal.App.2d 195, 198-199 [2 Cal.Rptr. 71]; *People* v. *Render*, 181 Cal.App.2d 190, 195 [5 Cal.Rptr. 236]; *People* v. *Castedy, supra,* at pp. 769-770; *People* v. *Galvan*, 208 Cal.App.2d 443, 447-449 [25 Cal.Rptr. 128].) As stated in *McShann*, "Disclosure, rather than discovery, is the burden placed upon the prosecution." (P. 198.) It is well settled that neither side is required to produce all the witnesses who may have some knowledge of the facts; nor is the prosecution required to call the informant as part of its case or to produce him as a witness. (*People* v. *Castedy, supra,* at p. 769; *People* v. *McShann, supra,* at p. 198; *People* v. *Kiihoa,* 53 Cal.2d 748, 752 [3 Cal.Rptr. 1, 349 P.2d 673].) All that is required is that all material evidence relating to the charge be presented in such a manner as to afford the defendant a fair trial. (*People* v. *Kiihoa, supra,* at p. 752; *People* v. *Render, supra,* at p. 195.)

In the instant case Armenta testified that at the time the events involved in this case transpired and for several months thereafter, Lopez was assisting Armenta and Ojeda in a number of narcotics cases; that during this period Lopez was living in Watsonville; that after March 1966 Armenta had had no further contact with Lopez; that he (Armenta) thought that Lopez had left the Watsonville area after that time; and that he (Armenta) did not know the present whereabouts of Lopez. Thus, the evidence lacks any showing that the prosecution sought to suppress Lopez's testimony or to bring about his absence or disappearance. Under such circumstances it is apparent that defendant's conviction cannot be reversed on the ground that the prosecution failed to produce Lopez as a witness at the trial.

### Alleged Violation of Dorado

In arguing that the principles enunciated in *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] are applicable in the instant case, defendant is apparently making the argument that he was entitled to be advised of his right to counsel and his right to remain silent before he made the statements to Armenta in the hotel lobby to the effect that the marijuana was good, that if it was not good defendant would return it, and that defendant would contact Lopez when there was more marijuana available. We need not consider this argument on its merits for the reason that even though it be assumed that such declarations came within the proscription of *Dorado,* defendant at no time during the trial objected to the admission of these statements on the ground that they were elicited in violation of *Dorado.* Accordingly, since the instant case was tried after the decision in *Dorado,* defendant is precluded, by reason of his failure to object, from raising error on appeal as to the admission of these statements. (*People* v. *Palmer,* 236 Cal.App.2d 645, 650 [46 Cal.Rptr. 449]; *People* v. *Almond,* 239 Cal.App.2d 46, 49-50 [48 Cal.Rptr. 308]; *People* v. *Sanchez,* 239 Cal.App.2d 51, 55 [48 Cal.Rptr. 424]; Witkin, Cal. Criminal Procedure (1965 Supp.) § 361N.)

The judgment is affirmed.

**Sims, J., and Elkington, J., concurred.**