TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-505 |
| of | : | |
| | : | November 16, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BILL JONES, SECRETARY OF STATE, has requested an opinion of this office on the following questions:

1.	Does a prosecution for fraudulent voting require proof of specific intent?

2.	Does the statute of limitations for fraudulent voting commence upon the commission or discovery of the offense?

3.	Are statements of admission alone sufficient to support a conviction for fraudulent voting of a person who unlawfully registers to vote or who, being unlawfully registered, votes in an election?

CONCLUSIONS

1.	A prosecution for fraudulent voting requires proof of specific intent; such proof need not be by direct and positive evidence, but may be inferred from circumstantial evidence.

2.	The statute of limitations for fraudulent voting commences upon the discovery or completion of the offense, whichever is later.

3.	Statements of admission alone are not sufficient to support a conviction for fraudulent voting of a person who unlawfully registers to vote or who, being unlawfully registered, votes in an election; however, slight or circumstantial evidence is all that is necessary to establish that a crime has been committed.

ANALYSIS

In 1994 the Legislature enacted Elections Code section 18560, **Footnote No. 1** which provides

in part as follows:

> "Every person is guilty of a crime punishable by imprisonment in the state prison for 16 months or two or three years, or in county jail not exceeding one year, who:

> "(a) Not being entitled to vote at an election, fraudulently votes or fraudulently attempts to vote at that election."

The three questions presented for resolution concern prosecutions for fraudulent voting under the terms of section 18560. Is specific intent required to be proved for conviction, when does the statute of limitations commence, and may admissions alone support a conviction?

> 1.     Requirement of Specific Intent

The initial inquiry is whether a prosecution for fraudulent voting within the purview of subdivision (a) of section 18560 requires proof of specific intent. In *People* v. *Hood* (1969) 1 Cal.3d 444, 456, the court summarized the basic distinction between general intent, which is an essential element of every crime, and specific intent, which is an element of certain crimes:

> "When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to the defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent."

Where a statute defining a specific intent crime employs the term "fraudulent" or "fraudulently" as a descriptor of a thing or action, it is usually accompanied with a particular expression of the intent that is required to be proved as an element of the offense. By way of example, it is unlawful to make a fraudulent tax return "with intent to defeat or evade the determination of an amount due . . ." (Rev. & Tax. Code, §§ 7152, subd. (a), 9353); to present to a public officer or board a fraudulent claim for payment "with intent to defraud . . ." (Pen. Code, § 72); to fraudulently remove, convey, or conceal property "with intent to defraud, hinder or delay . . . creditors . . ." (Pen. Code, §§ 154, subd. (a), 155, subd. (a), 504a); to fraudulently alter the draft of any bill "with intent to procure it to be passed or adopted by either house . . ." or to fraudulently alter the enrolled copy of any bill "with intent to procure it to be approved by the Governor . . ." (Gov. Code, §§ 9052, 9053).

Nevertheless, it is not essential that a specific intent crime contain an express reference to an intended future or additional consequence. The intended consequences of an act may be inferred from the nature of the prohibited conduct itself. The inference is inherent in the word "fraudulent," as explained by the court in *People* v. *Swenson* (1954) 127 Cal.App.2d 658, 663-664:

> "As to whether the word 'fraudulent' is synonymous with the phrase 'intent to defraud' it may be stated that when an act is alleged to have been done fraudulently, it implies that such act was done with the intent to defraud.

> "In *Bank of Montreal* v. *Thayer*, 7 F. 622, the court had to decide upon the use of the word 'fraudulent' in the pleadings where 'intent to defraud' was not also alleged. The court stated, at page 625:

> " 'It is said that a fraudulent intent is not alleged; but it is difficult to see how representations as to a matter of fact can be wrongful, fraudulent, and false, without they are made with a fraudulent intent. It is certainly necessary to prove the intent, and of course it must be alleged, but no form of words is necessary. If the terms employed by the pleader, taken in

their ordinary signification, necessarily include the idea of a fraudulent intent, that is enough. We must give to the term 'fraudulently,' as found in the petition, the meaning which the law gives it, and which attaches to it in common usage, to wit, a deliberately-planned purpose and intent to deceive and thereby to gain an unlawful advantage . . . . [To] say that the representations were made with intent to deceive, would add nothing to the allegation that they were falsely and fraudulently made.'

"This case was cited with approval by the United States Supreme Court in *Bullis* v. *O'Beirne*, 195 U.S. 606, where the court said at page 617:

" '. . . It is said that there is no averment in the complaint in this case of knowledge or intent to deceive on the part of the plaintiff in error; but it is averred that the representations were falsely and fraudulently made, with the intent to further the pecuniary interest of the plaintiff in error, and were known to be false when made. Such allegations have frequently been held the equivalent of averments of specific intent. Indeed, it is difficult to see how a statement falsely and fraudulently made can be otherwise than intended to deceive. A statement fraudulently made, with knowledge of its falsity, must necessarily be intended to deceive.'

"In *Rick* v. *United States*, 161 F.2d 897, the court determined whether there was any real difference between a 'fraudulent' tax return and a wilful attempt to evade a tax; it said that there was no real difference and that "fraudulent" includes an intent and involves a subject matter of which someone is to be deprived.' "

Applying the rationale of *Swenson*, we believe that use of the term "fraudulently" in subdivision (a) of section 18560 requires proof of specific intent, i.e., the intent to defraud.

Specific intent, however, need not be proved by direct and positive evidence, but may be inferred from circumstantial evidence. As stated in *People v. Maciel* (1925) 71 Cal.App. 213, 218:

". . . When a specific intent is an element of the offense it presents a *question of fact* which must be proved like any other fact in the case. It is none the less a question of fact though it cannot be proved by direct and positive evidence. All the *circumstances* surrounding the act furnish the evidence from which the presence or absence of the specific intent may be *inferred* by the jury. . . ." (See *People* v. *Cole* (1985) 165 Cal.App.3d 41, 48.)

It is concluded that a prosecution for fraudulent voting requires proof of specific intent, but that such proof may be inferred from all of the circumstances surrounding the alleged offense. **Footnote No. 2**

2.        Commencement of Statute of Limitations

The second inquiry is whether the statute of limitations applicable to fraudulent voting commences upon the commission of the act, or upon the discovery of the act. As specified in section 18560, a conviction for fraudulent voting is punishable by imprisonment in the state prison. Penal Code section 801 provides:

"Except as provided in Sections 799 and 800, prosecution for an offense punishable by imprisonment in the state prison shall be commenced within three years after commission of the offense." **Footnote No. 3**

Penal Code section 801.5 states:

"Notwithstanding Section 801 or any other provision of law, prosecution for any offense described in subdivision (c) of Section 803 shall be commenced within four years after

discovery of the commission of the offense, or within four years after the completion of the offense, whichever is later."

Penal Code section 803, subdivision (c), in turn provides:

"A limitation of time prescribed in this chapter does not commence to run until discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison, a material element of which is fraud . . . ."

As discussed above, the offense of fraudulent voting includes as an essential element the specific intent to defraud. Accordingly, fraudulent voting is "an offense punishable by imprisonment in the state prison, a material element of which is fraud . . ." and is therefore governed by the provisions of Penal Code sections 801.5 and 803, subdivision (c).

We reject the suggestion that the Penal Code provisions respecting limitations of actions apply only to those offenses defined in the Penal Code. There is no indication to that effect in the statutes themselves, which refer to "offenses" generally. On the contrary, Penal Code section 803 refers expressly, by way of example, to other codes, including the Corporations Code, the Government Code, the Welfare and Institutions Code, the Insurance Code, the Business and Professions Code, the Health and Safety Code, and the Water Code. It is a well recognized rule of construction that the various codes are to "be regarded as blending into each other and forming a single statute." (*Meninga* v. *Raley's, Inc.* (1989) 216 Cal.App.3d 79, 90; *Austin* v. *Board of Retirement* (1989) 209 Cal.App.3d 1528, 1532.)

It is concluded that the period of limitations for fraudulent voting commences upon the discovery or completion of the offense, whichever is later.

3.        Statements of Admission

The third inquiry is whether statements of admission alone are sufficient to support a conviction for fraudulently voting of a person who unlawfully registers to vote or who votes in an election for which the person is unlawfully registered. **Footnote No. 4** The term "admission" refers to a statement made extrajudicially or out-of-court by the defendant which does not by itself acknowledge guilt, but which tends to prove guilt when considered with the rest of the evidence. (*People* v. *Brackett* (1991) 229 Cal.App.3d 13, 18.) **Footnote No. 5**

In a prosecution for any criminal offense, it must be established that there was an injury or loss which was caused by criminal agency. These factors, consisting of the body or elements of the crime, but not including the identity of the perpetrator, are denominated the *corpus delicti*. (*People* v. *Manson* (1977) 71 Cal.App.3d 1, 41; *People* v. *Francisco* (1964) 228 Cal.App.2d 355, 358.) No part of the *corpus delicti* may be proved by extrajudicial admissions or confessions of the defendant, and unless the *corpus delicti* is established, such statements cannot be admitted into evidence. (*People* v. *Moreno* (1987) 188 Cal.App.3d 1179, 1187; *People* v. *Wong* (1973) 35 Cal.App.3d 812, 839.) **Footnote No. 6**

The quantum of evidence, however, that must be produced in order to establish the *corpus delicti* has been described as a slight or prima facie showing (*People* v. *Jennings* (1991) 53 Cal.3d 334, 368), and it may be established solely by circumstantial evidence (*People* v. *Andrews* (1963) 222 Cal.App.2d 242, 244).

It is concluded that statements of admission alone are not sufficient to support a conviction for fraudulent voting of a person who unlawfully registers to vote or who, being unlawfully registered, votes in an election; however, slight or circumstantial evidence is all that is necessary to establish that a crime has been committed.

* * * * *

**Footnote No. 1**
Undesignated section references herein are to the Elections Code.

**Footnote No. 2**
CALJIC No. 2.02 provides in part: "The specific intent with which an act is done may be shown by the circumstances surrounding the commission of the act." (Brackets and bracketed words omitted.)

**Footnote No. 3**
Penal Code sections 799 and 800 are not pertinent to this discussion.

**Footnote No. 4**
It is assumed for purposes of this discussion that the admission was validly obtained from the defendant.

**Footnote No. 5**
CALJIC No. 2.71 states in part:

> "An admission is a statement made by the defendant which does not by itself acknowledge his guilt of the crime for which the defendant is on trial, but which statement tends to prove his guilt when considered with the rest of the evidence." (Brackets and bracketed words omitted.)

**Footnote No. 6**
CALJIC No. 272 provides in part:

> "No person may be convicted of a criminal offense unless there is some proof of each element of the crime independent of any confession or admission made by him outside of this trial.

> "The identity of the person who is alleged to have committed a crime is not an element of the crime nor is the degree of the crime. The identity or degree of the crime may be established by a confession or admission." (Brackets and bracketed words omitted.)