[Crim. No. 1615.   Third Appellate District.—May· 2, 1938.]

THE PEOPLE, Appellant, v. ALICE G. BISPHAM, Respondent.

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Appellant.

Lawrence J. Skirving for Respondent.

PULLEN, P. J.—Defendant herein was accused by the grand jury of arson; of burning insured property, and of wilful and malicious burning of property as defined in section 448 (a) of the Penal Code.

After arraignment and trial before a jury, a verdict was returned finding defendant not guilty of arson, but guilty of wilful and malicious burning of property, and also guilty of burning insured property.

The court granted a motion for a new trial on the ground that the evidence was not sufficient to sustain the conviction. From this order the People prosecute this appeal.

On the afternoon of July 4, 1937, a one-story business building in Grass Valley, occupied as a beauty parlor and real estate office, was practically destroyed by fire. Adjacent to this building was a two-story building occupied by two stores on the lower floor and by a rooming house on the second floor. The rooming house and beauty parlor were operated by the defendant, both buildings being owned by a person other than defendant. It seems to be agreed by all concerned that the fire started in the attic over the beauty parlor and spread rapidly. The furnishings in the rooming house and the equipment in the beauty parlor were owned by the defendant. In September, 1936, she had insured the furnishings in the rooming house for $750, and on the same day had insured the equipment in the beauty parlor for the same amount. The original application had been for the sum of $1500 on each of these two items, but the agent had refused to issue insurance for that amount on the ground the value of the property did not justify the same. A short time later defendant secured additional insurance of $750 on each parcel of property, making a total of $3,000 on the two items. At the time of the fire there was no one in the beauty parlor, and it was necessary for the firemen to break into the building.

No direct evidence was offered as to the means employed in setting the fire, if it were set, nor was there direct evidence that the defendant, or any person acting under her direction, actually applied fire to the building. The only evidence purporting to connect the defendant with the commission of any crime was certain admissions alleged to have been made to the effect that some time prior to the fire

defendant offered to pay two witnesses to burn the building. One of these witnesses was a paroled convict, the other a man who apparently had not been long in that community.

It is conceded by the attorney-general that admissions made or purported to have been made by defendant cannot be considered unless it was first established that a crime had been committed. Such was the situation in the case of *People* v. *Jenkins,* 67 Cal. App. 631 [228 Pac. 405]. There the prosecution established that the building burned down. They introduced a confession by defendant. The conviction was set aside because the prosecution had failed to prove that the fire was of human origin.

The only evidence offered by the prosecution in the case here before us attempting to connect defendant with the fire other than these alleged admissions was that the fire originated in the attic over the beauty parlor; that the attic was open and vacant; that there was no one in the beauty parlor at the time the fire started, and that the same burned with great rapidity; and that prior to the breaking through of the flames no odor of smoke had been noticed. It was also asserted the property had been over-insured. An electrician, who had examined the wiring a short time prior to the fire and installed a Neon light on the building, testified that at that time the wiring in the attic was in good condition.

The trial court, after hearing and seeing the witnesses, gave it as his opinion the evidence was insufficient to support the verdict.

It has been frequently held that the granting of a new trial is largely within the discretion of the trial judge, whose province it is, on a motion for a new trial, to pass upon the credibility of the witnesses and upon the weight and sufficiency to be accorded the evidence. The determination of the trial court to deny or grant a new trial will not, therefore, be disturbed on appeal except for a clear abuse of its discretion. (*People* v. *Simpson,* 134 Cal. App. 646 [25 Pac. (2d) 1008].) This rule is so well established that we need not cite other authorities in support thereof. We find no abuse of such discretion here.

Inasmuch as the *corpus delicti* in a case of this kind is the fact of the criminal origin of the fire, and that the *corpus delicti* must be established before the statements of the defendant may be admitted against her, the court was

further justified, in view of the record, in granting a new trial.

The order granting the new trial is, for the foregoing reasons, affirmed.

Plummer, J., and Thompson, J., concurred.